[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11623
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2010
JOHN LEY
ACTING CLERK

Agency No. A079-473-907

VIOLETA VANEGAS-TORRES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 5, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Violeta Vanegas-Torres, a native and citizen of Colombia, seeks review of a

Board of Immigration Appeals ("BIA") decision, which affirmed an Immigration Judge's ("IJ") order denying her applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). Immigration & Nationality Act §§ 208, 241; 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). Vanegas-Torres claimed that she was persecuted in Colombia, and would be again, on account of her political affiliation with the Conservative Party and her membership in a particular social group—the family of a former prosecutor of the guerrillas. Vanegas-Torres testified before the IJ that guerrillas murdered her brother, the prosecutor, and after she began to investigate his death, she received death threats from the guerrillas and was the victim of an attempted kidnaping in 2000. The IJ and BIA both concluded that Vanegas-Torres failed to present a credible claim for asylum.

In order to establish eligibility for asylum, an applicant must provide "credible, direct, and specific" evidence in the record showing that she is a "refugee." Forgue v. U.S. Att'y Gen., 441 F.3d 1282, 1287 (11th Cir. 2005) (quotation omitted). See also 8 U.S.C. § 1158(b)(1)(A). An alien qualifies as a refugee if she can establish she has suffered past persecution or has a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A).

2

If an alien's testimony that she fears persecution is credible, it may be sufficient without corroboration to satisfy her burden of proof required to establish asylum eligibility. Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1304 (11th Cir. 2009). Likewise, a denial of asylum relief can be supported solely by an adverse credibility determination, which may be made on the basis of internal inconsistencies in an applicant's testimony. Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1348 (11th Cir. 2008) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). If the court explicitly determines that the alien lacks credibility, it must offer "specific, cogent reasons" for the finding. Kueviakoe, 567 F.3d at 1305. The burden then shifts to the alien to show why the credibility determination was not supported by "specific, cogent reasons" or was not based on substantial evidence. Id.

On appeal, Vanegas-Torres argues that the IJ's and BIA's adverse credibility findings were not supported by specific, cogent reasons or by substantial evidence. Although she concedes that there are inconsistencies between her asylum hearing testimony, the record evidence, and her written asylum application, she asserts that these inconsistencies amounted to only minor differences that do not provide support for the adverse credibility finding. Vanegas-Torres argues that the record compels a reversal. We disagree.

When, as here, the BIA issues its own opinion, we review only the decision of the BIA, except to the extent the BIA expressly adopts the IJ's decision. Najjar

3

v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  In this case, the BIA issued its own opinion, but also stated that it "found no clear error in the Immigration Judge's finding that the respondent is not credible," concluding that the IJ "supported his adverse credibility finding with specific and cogent reasons, based on the record." Therefore, we look to both the BIA's and the IJ's specific, cogent reasons for denying Vanegas-Torres' application for asylum.

Factual determinations, including credibility determinations, are reviewed under a substantial evidence standard, which provides that the decision "can be reversed only if evidence 'compels' a reasonable fact finder to find otherwise." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (per curiam). Therefore, we must affirm the BIA's decision if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole."  Najjar, 257 F.3d at 1284.  We review the record evidence "in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc).

Here, the BIA's credibility determination was based upon only one perceived inconsistency.  The BIA found that in Vanegas-Torres's asylum application she referred to the guerrillas responsible for her brother's death as "ELN" guerrillas, but at her hearing she testified that "FARC" guerrillas killed her brother.  She attempted to explain this inconsistency by testifying that the error

4

was due to an incorrect translation. However, Vanegas-Torres herself had completed the application in Spanish, which also included the error. This material inconsistency is a specific, cogent reason on which the BIA relied when concluding that Vanegas-Torres lacked credibility. Moreover, this is not one of the rare cases in which the record compels a reasonable fact finder to conclude otherwise.

Viewing the record as a whole in "the light most favorable" to the BIA's decision, there were other inconsistencies and omissions that contributed to the IJ's adverse credibility determination. Although these inconsistencies and omissions may not be material or sufficient to support an adverse credibility determination when viewed in isolation, in the aggregate they provide additional support for the IJ's and BIA's denial of Vanegas-Torres' application for asylum. First, Vanegas-Torres testified that she had three years of legal education, that she was her brother's "secretary and advisor," and that she worked with him on his cases. However, her asylum application omitted her legal education or any mention of her involvement in the prosecution of the guerrillas. Second, Vanegas-Torres testified that the guerrillas also crashed a truck into her home dental laboratory, but she is unable to provide any credible evidence to refute the conclusion that this was a mere accident. The incident occurred at 6:30 in the morning; the driver remained on the scene to meet the police; the police concluded it was an accident; and the

5

police report has disappeared. Third, the only corroborating evidence of her

persecution is a police report filed by her father in 2007 that catalogues the

persecution suffered by his daughter at the hands of the guerrillas. Although

Vanegas-Torres testified that guerrillas attempted to kidnap her the day before she

fled to the United States in 2000, this police report and her written asylum

application state that the attempt actually occurred several weeks prior. And

finally, the BIA and IJ both found it significant that Vanegas-Torres testified that

she was not afraid to return to Colombia in 2000, after her first visit to the United

States, despite prior threatening phone calls and the truck incident. It was only

after the attempted kidnaping that she fled to the United States as a refugee and

filed an application for asylum.[1] In sum, substantial evidence supports the BIA's

adverse credibility determination and resulting denial of Vanegas-Torres's

---

[1] Furthermore, even assuming arguendo that Vanegas-Torres' testimony was credible; that all of these incidents occurred; and that all were at the hands of the guerrillas, it is unlikely on remand that Vanegas-Torres would be able to establish eligibility for asylum. She testified that she was not targeted by the guerrillas until she began to investigate her brother's death despite her prior affiliation with the Conservative Party and association with her brother and his work as a prosecutor. Therefore, it is unlikely that she will be able to establish that her past persecution was based on her political opinion or membership in a social group. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1233 (11th Cir. 2006) ("Because Silva's testimony at her asylum hearing . . . failed to establish that the shooting incident was based on her political opinion, the record does not compel the conclusion that she suffered past persecution or has a well-founded fear of future persecution."). Moreover, Vanegas-Torres filed her asylum application in 2000, and her attempted kidnaping occurred over nine years ago. While she may have still been a target of the guerrillas in 2000, a mere two years after she left Colombia the first time, her claim of a continuing fear of persecution is less credible now that nearly a decade has passed since her victimization. Although Vanegas-Torres may indeed still fear to return to her home country, it is unlikely that she will be able to show that her fear is "well-founded" and a fear "of persecution" within the meaning of the statute.

application for asylum.[2]  We therefore deny her petition for review.

**PETITION DENIED.**[3]

---

[2] Because Vanegas-Torres failed to establish eligibility for asylum, we also deny her applications for withholding of removal and CAT relief.  "To qualify for withholding of removal or CAT relief, an alien must establish standards more stringent that those for asylum eligibility; thus, an alien unable to prove a well-founded fear of persecution based on a protected ground, as required for asylum relief, necessarily fails to demonstrate a clear probability of persecution, the standard applicable to a claim for withholding of removal."  Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007) (citation omitted).

[3] Appellant's request for oral argument is denied.